UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **COURTNEY CLEMENT,** | Civil Action No. 12-5234 (FLW) |
| Petitioner, | |
| v. | |
| **WILLIAM HAUCK, et al.,** | OPINION |
| Respondents. | |

**WOLFSON, United States District Judge:**

### I. INTRODUCTION

Petitioner Courtney Clement (hereafter "Clement" or "Petitioner"), confined at Edna Mahan Correctional Facility for Women, Clinton, New Jersey, filed the instant Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition"), challenging her conviction for aggravated manslaughter, N.J.S.A. 2C:11-4. For the reasons stated below, the Court dismisses the Petition as untimely under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").[1]

### II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The Court recounts only the facts relevant to this Opinion. After Clement's first trial ended in a mistrial, she accepted the State's plea offer of twenty-five years imprisonment, subject to an eighty-five percent parole ineligibility term as required by the No Early Release Act (NERA), on a charge of first-degree aggravated manslaughter. Prior to sentencing, Clement

---

[1] Petitioner has also filed an application for pro bono counsel (ECF No. 10), which the Court denies as moot.

1

sought to withdrawal her guilty plea; the state trial court, however, denied her motion to withdraw her plea on May 20, 2004.  (ECF No. 7 at Ex. 20.)  Clement was sentenced on May 27, 2004 (ECF No. 7, at Ex. 21.)  The Appellate Division affirmed Petitioner's sentence on April 28, 2005.  (ECF No. 7 at Ex. 23.)  On October 26, 2005, the Supreme Court of New Jersey granted Clement's petition for certification, limited solely to the sentencing issue raised by Clement, and summarily remanded the matter to the trial court for resentencing in light of *State v. Natale*, 184 N.J. 458, 878 A.2d 724 (2005).  *See State v. Clement*, 185 N.J. 292 (2005).  Petitioner was resentenced on November 18, 2005.   (No. 7-18, Tr. 4:20-25.)

On March 15, 2006, Petitioner filed her first petition for post-conviction relief ("PCR"), pursuant to New Jersey Court Rule 3:22-1.  (ECF No. 7-29, Ex. 27.)  On February 16, 2007, the PCR court denied Clement's PCR without an evidentiary hearing.  (ECF No. 7-37, Ex. 35.)  On May 21, 2007, Clement appealed the denial of her PCR to the New Jersey Appellate Division.  (ECF No. 7-38, Ex. 36 to Resp. Ans.)   On May 15, 2008, the Appellate Division affirmed the denial of Clement's first PCR.  *See State v. Clement*, No. A-4829-06T4, 2008 WL 2050824 (N.J. Super. May 15, 2008).  On February 26, 2009, the Supreme Court of New Jersey denied Clement's petition for certification.  *See State v. Clement*, 198 N.J. 315 (2009).

Clement then filed a second PCR petition, dated May 6, 2009.  By order dated September 15, 2009, Judge Kreizman's signed an order dismissing Clement's second PCR petition.  The order stated as follows: "PCR Application is hereby dismissed for failure to file a timely brief."  (ECF No. 7-47, Ex. 45 to Resp. Ans.)  More than four months after that dismissal, on January 21, 2010, Clement filed an untimely motion for reconsideration of Judge Kreizman's order dismissing her second PCR.   (No. 7-48, Ex. 46 to Resp. Ans.)  On June 18, 2010, Judge Kreizman denied her motion for reconsideration finding that (1) Clement's motion was untimely,

2

(2) that her second PCR was barred under N.J. Ct. R. 3:22-4 and 3:22-5 (issues that were raised or could have been raised on direct appeal or in a prior PCR petition), and (3) that none of her arguments would justify allowing her to withdraw her plea. (7-18, Ex. 16 to Resp. Ans.)  On August 9, 2010, Clement filed an appeal of the June 28, 2010 order denying her motion for reconsideration, but did not file an appeal of the September 15, 2009 order dismissing her second PCR petition. (*Id.* at Ex. 50.)  On November 20, 2012, the Appellate Division denied her appeal. *State v. Clement*, 2012 WL 5845641, at *2 (App. Div. Nov. 20, 2012) (citing N.J. Ct. R. 3:22-8.)

The Appellate Division held the Judge Kreizman did not abuse his discretion when he dismissed Clement's motion for reconsideration as untimely, noting that Clement "waited more than four months, until January 21, 2010 to file her reconsideration motion" when such motions must be filed within twenty days. *See id.* at *2 (citing N.J. Ct. R. 1:7-4 and 4:49-2.)  Although the Appellate Division noted that the order denying reconsideration was the only issue properly before the Court, it nevertheless made additional rulings.  With respect to Judge Kreizman's dismissal of Clement's second PCR, the Appellate Court held that Clement "failed to perfect her [second] PCR petition because she did not file a brief in support of the petition." *Id.* at *2 (citing N.J. Ct. R. 3:22-8.).  In reaching the merits of Clement's second PCR petition, the Court rejected her arguments for relief. (*Id.*)

The instant habeas petition appears to have been executed by Petitioner on May 2, 2012, and was filed on August 16, 2012, prior to the Appellate Division's denial of her appeal of the order denying reconsideration. (ECF No. 1 at 10.)  On August 28, 2012, the Court advised Petitioner of her rights pursuant to *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000). (ECF No. 3.) The Court's Mason Order further noted that "the Court makes no finding as to the timeliness of the Petition as filed." (*Id.*)  Petitioner did not respond to the *Mason* Order.  The government

3

filed its answer on January 11, 2013, addressing the merits of Petitioner's claims and raising the issue of timeliness as a defense. (ECF No. 7, Res. Br. at 28-30.) Petitioner was given the opportunity to file a reply but did not file one. This matter is now ready for determination.

### III.     ANALYSIS

The State argues that Petitioner's habeas petition is untimely. The State contends that Petitioner is not entitled to statutory tolling for the period in which her second PCR was pending because the second PCR was not "properly filed" pursuant to state law and was ultimately dismissed due to its insufficiency. (ECF No. 7-1, Res. Br. at 30.) The State further argues that Petitioner did not file a timely appeal of the dismissal of her second PCR, and her untimely motions for reconsideration and her appeal of the reconsideration order to the Appellate Division did not toll her time to file her habeas petition because these applications related to the procedurally defective second PCR petition. (*Id.*) As such, the State argues that Petitioner's time ran uninterrupted from February 26, 2009, the date on which the New Jersey Supreme Court denied certification on Petitioner's first PCR petition, until she filed the instant petition in 2012. Because Petitioner chose not to file a reply, she has not addressed the State's timeliness arguments.

In the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") Congress prescribed a one-year period of limitation for the filing of federal habeas corpus petitions by state prisoners. *See Douglas v. Horn*, 359 F.3d 257, 261 (2004); 28 U.S.C. § 2241(d)(1). Pursuant to 28 U.S.C. § 2241(d)(1), [t]he limitation period shall run from the latest of—

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of

>the United States is removed, if the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Under 28 U.S.C. 2241(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." This exception to the one-year limitation period is known as statutory tolling and provides that the one-year limitations period is tolled during the time a properly filed application for post-conviction relief is pending.[2] *See Merritt v. Blaine*, 326 F.3d 157, 161 (3d Cir. 2003). An application for post-conviction relief is considered "pending" within the meaning of § 2244(d)(2) during the period between a lower state court's ruling and the period a petitioner has to seek review of the decision, whether or not the appeal was actually sought. *Swartz v. Meyers*, 204 F.3d 417, 424 (3d Cir. 2000). However, "the time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not

---

[2] In addition to statutory tolling, the courts have also recognized that the statute of limitations may be equitably tolled where extraordinary circumstances so warrant. *United States v. Thomas*, 713 F.3d 165, 174 (3d Cir. 2013). Equitable tolling should be granted sparingly and only when the principles of equity would make the rigid application of a limitation period unfair. *See Thomas*, 713 F.3d at 174 (citing *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011)). A petitioner must establish that he has diligently pursued his rights and that extraordinary circumstances stood in his way and prevented timely filing in order to be eligible for equitable tolling. *Id*. (citing *Holland v. Florida*, 560 U.S. 631, 130 S.Ct. 2549, 2562–63, 177 L.Ed.2d 130 (2010)). Mere excusable neglect is not sufficient. *Id.* Because Petitioner has not raised or provided any factual basis for equitable tolling, the Court does not consider equitable tolling in its statute of limitations analysis.

toll the one-year state of limitations under 28 U.S.C. § 2244(d)(2)." *Stokes v. D.A. of the County of Phila.*, 247 F.3d 539, 542 (3d Cir. 2001).

A petitioner is only entitled to statutory tolling pursuant to 28 U.S.C. § 2244(d) (2) for the time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending. 28 U.S.C. § 2244(d)(2). To fall within the AEDPA tolling provision, the petition for state post-conviction review must have been both pending and "properly filed." *Fahy v. Horn*, 240 F.3d 239, 243 (3d Cir.), *cert. denied*, *Horn v. Fahy*, 534 U.S. 944, 122 S.Ct. 323, 151 L.Ed.2d 241 (2001).

In determining whether a petition is "properly filed" under the AEDPA, a federal court "must look to the state law governing when a petition for collateral relief is properly pending." *Douglas v. Horn*, 359 F.3d 257 (3d Cir. 2004) (citing *Fahy v. Horn*, 240 F.3d 239, 43 (3d Cir. 2003)); *see also Artuz v. Bennett*, 531 U.S. 4, 8 (2000). An application is "filed" when it "is delivered to, and accepted by, the appropriate court officer for placement into the official record." *Artuz*, 531 U.S. at 8 (citations omitted). An application is "properly" filed

> when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee .... In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers, or on all filers generally .... But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims contained in the application are meritorious and free of procedural bar.

*Artuz*, 531 U.S. at 8–9 (citations omitted);

It is well established that a petition for state post-conviction relief that was rejected by the state courts as untimely is not "properly filed" under § 2244(d)(2). *See Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) ("When a postconviction relief petition is untimely under state law,

6

that [is] the end of the matter for purposes of § 2244(d)(2)") (internal quotation marks and citation omitted); *see also Allen v. Siebert*, 552 U.S. 3 (2007).[3]  "The 'properly filed' phrase [also] encompasses more than timeliness." *Merritt v. Blaine*, 326 F.3d 157, 167 (3d Cir. 2003); *see, e.g.*, *Pace*, 544 U.S. at 414-15 (recognizing copy requirements and filing fees as conditions of filing); *Didiano v. Balicki*, No. 09–2315, 2010 WL 1752191, at *6, n.6 (D.N.J. Apr. 29, 2010) (finding that successive PCR dismissed for failure to comply with state procedural rules was not properly filed).  Recently, in *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80 (3d Cir. 2013), the Third Circuit clarified that a petition is not properly filed until it is perfected. *Id.* at 88 n.11  ("[W]e note that [the inmate's PCR submission] was not properly filed [within the meaning of Artuz ] until he perfected it").

     The properly filed requirement also applies to a petitioner's applications appealing or otherwise seeking review of the trial court's post-conviction determinations.  In *Swartz v. Meyers*, 204 F.3d 417, 421 n.3 (3d Cir. 2000), the Third Circuit noted that "it is not clear from [the text of 28 U.S.C. 2241] whether the term "properly filed application" refers only to the initial PCRA application, or whether it also applies to all related applications for appeal" but "assum[ed] arguendo that an untimely request for allowance of appeal is considered not 'properly filed.'" (*Id.*)  Subsequent Third Circuit cases have held that applications for appeal must be "properly filed" in order to entitle the Petitioner to statutory tolling under 28 U.S.C.

---

[3] In the absence of a "clear indication" by the state courts that a post-conviction relief petition is untimely, the federal court "must itself examine the delay in each case and determine what the state courts would have held in respect to timeliness." *Evans v. Chavis*, 546 U.S. 189, 198 (2006); accord *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 85–86 (3d Cir. 2013) ("But if a state court fails to rule clearly on the timeliness of an application, a federal court 'must ... determine what the state courts would have held in respect to timeliness.' ") (quoting *Evans*, 546 U.S. at 198)).

2244(d)(2). In *Douglas v. Horn*, the Third Circuit held that a petitioner's Notice of Appeal *Nunc Pro Tunc* filed in the Pennsylvania Supreme Court after the deadline for filing a notice of appeal was not "properly filed." 359 F.3d 257, 262 (3d Cir. 2004). The court declined to apply statutory tolling noting that it was not a pleading recognized by Pennsylvania law and was, therefore, improperly filed as a matter of state law. *Id.* The court also stated that "permitting petitions not recognized under state law and improperly filed as a matter of state law to toll the limitation period would not seem to promote exhaustion in the manner contemplated by the AEDPA." *Id.* (citations omitted) (rejecting Petitioner's contention that time should be tolled during the following time-frames: "(1) from the filing of his *nunc pro tunc* petition in the post conviction relief proceedings before the Pennsylvania Supreme Court through the denial of that petition; (2) from the filing of his motion to reconsider the denial of his *nunc pro tunc* petition through the denial of the motion to reconsider; and (3) during the time gap between the denial of his *nunc pro tunc* petition and the filing of his motion to reconsider the denial of his *nunc pro tunc* petition.") In *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80 (3d Cir. 2013), the Third Circuit held that a prisoner filing an untimely appeal of the denial of his petition for post-conviction relief is not entitled to statutory tolling from the date when, under state law, the prisoner's time to appeal denial of his PCR (or to seek certification of its affirmance) expires until when an application to file such an appeal nunc pro tunc (or to seek certification nunc pro tunc) is granted. *Id.* at 86–88 and n. 6 and n.8

      Here, Petitioner's statute of limitations began to run on January 2, 2006, forty-five days after her November 18, 2005 resentencing, and ran for 72 days until she filed her first PCR petition. There is no dispute that the limitation period was tolled from the time Petitioner filed

her first PCR petition until February 26, 2009, when the New Jersey Supreme Court denied her petition for certification on Petitioner's appeal of the denial of her first PCR petition.

Petitioner's time began to run again on February 27, 2009 and, after 69 days, was potentially tolled by the filing of her second PCR petition on May 6, 2009.  The State, however, contends that the limitations period was *not* tolled by the filing of her second PCR petition and her subsequent applications seeking review of the dismissal of her second PCR petition because those applications were not "properly filed" under state law.  Clement's second PCR petition was dismissed by the trial court on procedural grounds on September 15, 2009.  The State has provided that Order of dismissal, which reads as follows: "PCR Application is hereby dismissed for failure to file a timely brief."  (ECF No. 7-47, Ex. 45 to Resp. Ans.)  In reviewing the dismissal of Petitioner's second PCR, the Appellate Division ruled that Clement "failed to perfect her [second] PCR petition because she did not file a brief in support of the petition." *Clement*, 2012 WL 5845641, at *2 (citing N.J. Ct. R. 3:22-8).  This explicit determination by the New Jersey Appellate Division appears to foreclose on the possibility that Petitioner's second PCR petition was "properly filed" under state law.  *See Jenkins*, 705 F.3d at 88 n.11 (Petitioner's "pleading was not properly filed until he perfected it"); *Didian*o, No. 09–2315, 2010 WL 1752191, at *6, n.6 (finding that successive PCR dismissed for failure to comply with state procedural rules was not properly filed).

Even if the Court were to find that Petitioner's second PCR petition was properly filed, Petitioner failed to file a timely appeal after her second PCR was dismissed by the trial court on September 15, 2009.  Instead, Petitioner waited four months to file a motion for reconsideration of the order dismissing her second PCR, which was ultimately denied by trial court as untimely and without merit on June 18, 2010.  (*See* No. 7-48, Ex. 46 to Resp. Ans.)  Petitioner's failure to

9

file a timely motion for reconsideration is significant under New Jersey law because motions for rehearing or reconsideration filed "timely" will toll the time for appeal, but there is no such provision for a motion that is not "timely" filed. N.J. Ct. R. 2:4–3(c), (e).  As such, Petitioner's untimely motion for reconsideration did not toll her time for appeal, which expired on October 30, 2009, forty-five days after the trial court dismissed her second PCR petition.  *See* N.J. Ct. R. 2:4–1(a); *Swartz*, 204 F.3d at 424 (holding that application for post-conviction relief is considered "pending" within the meaning of § 2244(d)(2) during the period between a lower state court's ruling and the period a petitioner has to seek review of the decision, whether or not the appeal was actually sought.)  Although the Appellate Division apparently accepted Petitioner's appeal of the trial court's Order denying reconsideration, which Petitioner filed on August 9, 2010, the Court explicitly stated that the only issue properly before the Court was the Order denying reconsideration, which the Court affirmed as untimely and without merit.  *See Clement*, 2012 WL 5845641, at *2 (citing N.J. Ct. R. 1:7-4 and 4:49-2).  Thus, this Court finds that Petitioner's time ran uninterrupted for 914 days from October 31, 2009 until Petitioner handed her habeas petition to prison officials for filing on May 2, 2012.[4]  Accordingly, the Petition must be dismissed with prejudice as untimely.

## IV. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254.  A certificate of appealability may issue "only if the applicant has made a

---

[4] That 914 days do not include the 49 days between the Petitioner's resentencing and her first PCR or the 69 days between Petitioner's first and second PCR petitions, for a total of 1032 days. The Court further notes that even if the Court found that Petitioner's appeal of the Order denying reconsideration could be construed as "properly filed," her petition would still be untimely because the appeal lasted 632 days, leaving 400 days of un-tolled time.

substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Didiano*, 2010 WL 1752191, at *6-7 (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Here, reasonable jurists would not find the Court's procedural ruling debatable. Accordingly, no certificate of appealability shall issue.

## V.    CONCLUSION

For the reasons expressed in the foregoing Opinion, the Court dismisses the Petition as untimely under AEDPA. A certificate of appealability is denied. An appropriate Order follows.

                                                               /s/ Freda L. Wolfson  
                                                              Freda L. Wolfson  
                                                              United States District Judge

Date:   July 10        , 2015